UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:18-cv-03332

FRED NEKOUEE, individually,                          :
                                                     :
                Plaintiff,                           :
                                                     :
vs.                                                  :
                                                     :
PREMIER HOSPITALITY, INC., a Colorado                :
corporation;                                         :
                                                     :
                Defendant.                           :
_____/

## **COMPLAINT**
(Injunctive Relief Demanded)

PLAINTIFF, FRED NEKOUEE, individually, on his behalf and on behalf of all other

mobility impaired individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues

the Defendant, PREMIER HOSPITALITY, INC., a Colorado corporation (sometimes referred to

as "Defendant"), for injunctive relief, and attorney's fees, litigation expenses, and costs pursuant

to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.      Plaintiff, Fred Nekouee, is an individual who resides in Lutz, Florida, in the County

of Hillsborough.

2.      Defendant's property, an Econo Lodge, has an address of 10811 West I-25 Frontage

Road, Longmont, Colorado 80504, in Weld County, Colorado ("Econo Lodge").

3.      Venue is proper in the District of Colorado because venue lies in the judicial district

of the situs of the property.   The Defendant's property is located in and does business within this

judicial district.

4.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given

original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.   See also 28 U.S.C. § 2201 and § 2202.

5.     Plaintiff Fred Nekouee is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.   Fred Nekouee has progressive multiple sclerosis and requires the use of a wheelchair for mobility.

6.     Mr. Nekouee travels to the Longmont-Firestone area every three to six months to accompany his brother at heavy equipment auctions and to visit heavy equipment dealerships, where he assists his brother compare prices to equipment available in other areas, or to help his brother evaluate whether to buy or sell heavy equipment, or to vacation.

7.     Fred Nekouee had a late check in at the Econo Lodge which forms the basis of this lawsuit on the early morning of July 31, 2018 with checkout later that same day.

8.     Fred Nekouee requested an accessible room.

9.     Fred Nekouee stayed in accessible room 108 at the Econo Lodge.

10.     Due to the barriers to access Fred Nekouee encountered at the Econo Lodge, Fred Nekouee is deterred from visiting the Econo Lodge Inn to avail himself of the goods and services offered to the public there.

11.     Fred Nekouee visited the Longmont-Firestone area near the Econo Lodge again on October 3, 2018 to attend a heavy equipment auction, and he visited Rocky Mountain National Park on October 2, 2018.

12.     The Plaintiff has definite plans to return to the Longmont-Firestone area in January of 2018.

13.     Econo Lodge is close to the heavy equipment auction and dealerships he visits, and it is a good hotel location from which to make day trips to Rocky Mountain National Park.

14.     The Plaintiff likes to stay at moderately-priced hotels that are a chain like Econo Lodge.

15.     The Plaintiff plans to return to the Econo Lodge again if the barriers to access are removed.

16.     The Plaintiff has encountered architectural barriers at the subject property.

17.     The barriers to access that the Plaintiff encountered at the property have endangered his safety, impaired his ability or those accompanying him to park a vehicle, impaired his ability to access the property, and have impaired his use of the restrooms and pool in the Econo Lodge.

18.     The Plaintiff's need to use a wheelchair limits his mobility when surfaces are not nearly flat.

19.     The Plaintiff cannot move up or down steep inclines in his wheelchair because he lacks the strength and also risks tipping his wheelchair forwards or backwards.

20.     The Plaintiff encountered and observed barriers to access in the accessible guestroom 108, the restrooms in the accessible room 108 and the pool area of the Econo Lodge.

21.     The Plaintiff is deterred from visiting the Econo Lodge because of the difficulties he will experience there until the property is made accessible to him in a wheelchair.

22.     Defendant owns, leases, leases to, or operates a place of public accommodation (an inn, hotel, motel, or other place of lodging) as defined by the ADA, 42 U.S.C. § 12181(7)(A), and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, the Econo Lodge.

23.     Econo Lodge is a place of public accommodation.

24.     Defendant is responsible for complying with the obligations of the ADA.

25.     Fred Nekouee has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property

as described but not necessarily limited to the allegations in paragraph 29 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

26.     Fred Nekouee desires to visit the Econo Lodge not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

27.     The Defendant has discriminated against the individual by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the building, as prohibited by 42 U.S.C. § 12182 et seq.

28.     The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

29.     Preliminary inspections of the Econo Lodge have shown that violations exist.   The violations that Fred Nekouee personally encountered or observed include, but are not limited to:

**PARKING**

a.     The slope of the accessibility curb ramp side or flare is about 1:4.8 (21%).   This slope is steeper than the maximum allowed slope of 1:10 (15), in violation of Federal Law 2010, ADAAG § 406.3.   The Plaintiff encountered this curb flare, and due to its steep slope, it made him unstable in his wheelchair.

b.     As shown in the photograph below, the curb ramp projects into the parking access aisle.   The curb ramp projecting into the access aisle violates Federal Law 2010, ADAAG

§§ 406.5 and 502.4.   The Plaintiff encountered this curb ramp while moving in his wheelchair, and it endangered his safety.



**ENTRANCE DOOR, INTERIOR LOBBY AREA**

c.    The countertops throughout the lobby are about 46.5 inches above the finish floor. These countertops are higher than the maximum allowed height of 36 inches above the finish floor, in violation of Federal Law 2010, ADAAG § 904.4.1.   Due to its height above the floor, it was very difficult for the Plaintiff to reach objects on the counter.   An adjustment of the height of the counters in the lobby is readily achievable.

d.    The force needed to open the lobby door is about 12 pounds.   The force required to open the lobby door exceeds the maximum allowed force of 5 pounds (22.2 N) pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010, ADAAAG § 404.2.9.   The Plaintiff encountered this door in his wheelchair, and he required assistance to open this door and to enter the lobby.

e.    In the lobby, the clear floor or ground space between the sofas and the coffee table is about 20 inches.   The clear floor space between the sofas and the coffe table is less than the minimum required clearance of 30 inches, in violation of Federal Law 2010, ADAAG § 305.   In his wheelchair, the Plaintiff could not move between the sofas and the coffee table.

**INTERIOR RESTAURANT AREA**

f.    The control knobs for the breakfast area sink faucet require tight grasping, pinching or twisting of the wrist to turn the water on and off.   This condition violates Federal Law 2010, ADAAG §§ 606.4 and 309.4.   The Plaintiff tried to use this breakfast area sink and he could not turn the water on with a loose grip or closed fist.

g.    In the breakfast area, the paper towel dispenser outlet is about 51 inches above the finish floor.   This paper towel dispenser outlet is outside the reach range of an individual in a wheelchair of a maximum of 48 inches above the finish floor, in violation of Federal Law 2010, ADAAG § 308.2.1.   The Plaintiff observed this condition.

h.    In the breakfast area, the dispenser lever on the coffee flasks are about 61 inches above the finish floor.   The height of this dispenser lever is higher than the maximum allowed height of 48 inches above the finish floor when the reach depth is less than 20 inches, in violation of Federal Law 2010, ADAAG § 308.2.2.   Due to the height of the dispenser lever on the coffee flasks above the floor, the Plaintiff could not pour his own coffee.

i.    In the breakfast area, the dispenser lever to the hot water machine is about 57 inches above the finish floor, the bread or muffin container is about 50 inches above the finish floor, and the paper coffee cups in the cup holder are about 54 inches above the finish

floor.   This dispenser lever, bread container, and cup holder are higher than the maximum allowed height of 48 inches above the finish floor when the reach depth is less than 20 inches, in violation of Federal Law 2010, ADAAG § 308.2.2.   Due to the height of this dispenser lever, bread container and cup holder above the floor, the Plaintiff could not reach a paper coffee cup, serve himself hot water, or reach items in the bread container.

**ACCESSIBLE GUESTROOM 108**

j.   The accessible guestroom 108 door pull side maneuvering clearance in a front approach and perpendicular to the doorway is about 37 inches.   This maneuvering clearance is less than the minimum required clearance of 60 inches, in violation of Federal Law 2010, ADAAG § 404.2.4.   In his wheelchair, the Plaintiff required assistance to exit the room due to this lack of clearance space.

k.   In accessible guestroom 108, the entrance door pull side maneuvering clearance in a front approach beyond the latch and parallel to the doorway is about 7 inches.   This maneuvering clearance is less than the minimum required clearance of 18 inches, in violation of Federal Law 2010, ADAAG § 404.2.4.   The Plaintiff encountered this condition in his wheelchair and it made it very difficult for him to maneuver in his wheelchair at the door.

l.   In accessible guestroom 108, to open the refrigerator door requires tight grasping, pinching, or twisting or the wrist.   This refrigerator door cannot be opened without tight grasping, pinching or twisting of the wrist, in violation of Federal Law 2010, ADAAG 309.4.   The Plaintiff tried but could not open the refrigerator door with a closed fist or loose grip.

m.   In accessible guestroom 108, the handles to the bottom drawers of the dresser are

about 12 inches above the finish floor.   These handles are not between a minimum of 15 inches and a maximum of 48 inches above the finish floor, in violation of Federal Law 2010, ADAAG § 308.2.   The Plaintiff could not use the bottom drawers to the dresser due to the location of the handles.

n.   In accessible guestroom 108, to adjust the control switches for the air conditioning unit requires tight grasping, pinching or twisting of the wrist.   The control switches for the air conditioning unit cannot be adjusted with a closed fist or loose grip, in violation of Federal Law 2010, ADAAG § 309.4.   The Plaintiff observed the control switches for the air conditioning unit.

o.   In accessible guestroom 108, the clear floor or ground space between the bed and the chair is about 25 inches and less than 30 inches.   The clear floor or ground space between the bed and chair is less than the minimum required width of 30 inches, in violation of Federal Law 2010, ADAAG § 305.   In his wheelchair, the Plaintiff was blocked from accessing the bed from the side by this chair.

p.   In accessible guestroom 108, the clear floor or ground space between the mini-fridge and the desk is about 22 inches and less than 30 inches.   The clear floor or ground space between the mini-fridge and the desk is less than the minimum required space of 30 inches, in violation of Federal Law 2010, ADAAG § 305.   The Plaintiff required assistance to reach the door to the mini-fridge in his wheelchair.

q.   In accessible guestroom 108, the night lamp switch is about 51.5 inches above the finish floor and higher than 48 inches above the finish floor.   The night lamp switch is higher than 48 inches above the finish floor, in violation of Federal Law 2010, ADAAG § 308.2.2.   The Plaintiff observed this condition.

r.    In accessible guestroom 108, the iron holder is installed at about 68 inches above the finish floor.   The iron holder is more than 48 inches above the finish floor, in violation of Federal Law 2010, ADAAG § 308.2.   The Plaintiff observed this condition, and it deters him from visiting this Econo Lodge.

s.    In accessible guestroom 108, the night stand light switch or knob requires tight grasping, pinching or twisting of the wrist.   The night stand light switch or knob cannot be operated with a closed fist or loose grip, in violation of Federal Law 2010, ADAAG §§ 609.4 and 309.4.   The Plaintiff observed this condition, and it deters him from visiting this Econo Lodge.

t.    In accessible guestroom 108, the light switch near the television requires tight grasping, pinching or twisting of the wrist.   This light switch cannot be operated without tight grasping, pinching or twisting of the wrist, in violation of Federal Law 2010, ADAAG §§ 609.4 and 309.4.   The Plaintiff observed this light switch, and it deters him from visiting this Econo Lodge.

u.    In accessible guestroom 108, the shelf in the closet area is installed at about 54 inches above the finish floor and higher than 48 inches above the finish floor.   This shelf is higher above the finish floor than the maximum allowed height of 48 inches, in violation of Federal Law 2010, ADAAG § 308.2.   The Plaintiff observed the height of this shelf, and it deters him from visiting this Econo Lodge.

v.    In accessible guestroom 108, the clear floor space of 30 by 48 inches in front of the air conditioning unit controls is not provided.   This lack of clear floor space violates Federal Law 2010, ADAAG §305.3.   The Plaintiff encountered this lack of clear floor space in his wheelchair.

### RESTROOM OF ACCESSIBLE GUESTROOM 108

w.    In the restroom of accessible guestroom 108, the door pull side maneuvering clearance in a front approach perpendicular to the doorway is about 49 inches and less than 60 inches.   In the restroom of accessible guestroom 108, the door pull side maneuvering clearance in a front approach perpendicular to the doorway is less than the minimum required clearance of 60 inches, in violation of Federal law 2010, ADAAG 404.2.4.   In his wheelchair, the Plaintiff encountered this clearance space, and it was very difficult for him to maneuver to enter the restroom.

x.    In the restroom of accessible guestroom 108, the threshold to the shower compartment is about 3.5 inches higher than the floor and higher above the floor than ½ inch.   This threshold is higher than the maximum allowed threshold of ½ inch, in violation of Federal Law 2010, ADAAG §§ 303 and 608.7.   Due to this threshold, the Plaintiff could not wheel his wheelchair into the shower compartment by himself.

y.    In the restroom of accessible guestroom 108, the shower spray unit is located at about 78 inches above the floor of the shower and higher than 48 inches above the floor of the shower.   This shower spray unit is higher than 48 inches above the finish floor and cannot be moved without twisting a knob, in violation of Federal Law 2010, ADAAG §§ 308.2 and 608.6.   The Plaintiff encountered this condition.

z.    In the restroom of accessible guestroom 108, the shower control valves are not installed on the back wall adjacent to the seat wall within 27 inches from the seat wall.   In this type of shower compartment, the placement of the shower control valves are not installed on the back wall adjacent to the sidewall seat wall within 27 inches from the seat wall, in violation of Federal Law 2010, ADAAG § 608.5.2.   The Plaintiff encountered this

condition.

aa.   In the restroom of accessible guestroom 108, the top of the seat in the shower compartment is about 22 inches above the floor of the shower and higher than 19 inches above the shower floor.   The top of the seat in the shower compartment is not between a minimum of 17 inches and a maximum of 19 inches above the bathroom finish floor, in violation of Federal Law 2010, ADAAG § 610.2.   The Plaintiff encountered this seat.

bb.   In the restroom of accessible guestroom 108, the seat in the shower compartment is not a folding type.   This seat is not a folding type, in violation of Federal Law 2010, ADAAG § 610.3.   The Plaintiff encountered this seat.

cc.   In the restroom of accessible guestroom 108, the rear wall grab bar only extends about 12 inches from each side of the centerline of the water closet.   This rear wall grab bar does not extend a minimum of 12 inches on one side and 24 inches on the other side of the centerline of the water closet or toilet, in violation of Federal Law 2010, ADAAG § 604.5.2.   The Plaintiff encountered this rear wall grab bar, and due to its position, he had great difficulty using it to transfer from his wheelchair to sit on the toilet.

dd.   In the restroom of accessible guestroom 108, the rear wall grab bar is only about 24 inches long and is not at least 36 inches long.   This rear wall grab bar is less than the minimum required length of 36 inches, in violation of Federal Law 2010, ADAAG § 604.5.2.   The Plaintiff encountered this rear wall grab bar, and due to its lack of length, he had great difficulty using it to transfer from his wheelchair to sit on the toilet.

ee.   In the restroom of accessible guestroom 108, the side wall grab bar is about 32 inches long and less than 42 inches long.   This side wall grab bar is less than the minimum required length of 42 inches (1065 mm), in violation of Federal Law 2010, ADAAG

604.5.1.   Due to its lack of length, the Plaintiff had difficulty transferring from the toilet back to his wheelchair.

ff.    In the restroom in accessible guestroom 108, as shown in the photograph below, the side wall grab bar only extends about 39 inches from the rear wall and less than 54 inches from the rear wall.   This side wall grab bar does not extend the minimum required length of 54 inches (1370 mm) from the rear wall, in violation of Federal Law 2010, ADAAG § 604.5.1.   Due to its lack of length from the rear wall, the Plaintiff had great difficulty using this grab bar to transfer from his wheelchair to the toilet and back again.



gg.   In the restroom in accessible guestroom 108, the top gripping surface of the grab bars are about 37 inches above the finish floor and higher above the finish floor than 36 inches.   The top gripping surface of these grab bars is not within a minimum of 33 inches (840 mm) and a maximum of 36 inches (915 mm) above the finish floor, in violation of Federal Law 2010, ADAAG § 609.4.   The Plaintiff encountered these high grab bars.

hh.   In the restroom of accessible guestroom 108, as shown in the photograph below, the lavatory pipes under the sink are not insulated. The lack of insulation on the lavatory pipes under this sink violates Federal Law 2010, ADAAG § 606.5.   In his wheelchair, the Plaintiff used this sink and risked burns and injury to his legs since the lavatory pipes under the sink are not insulated.



ii.   In the restroom of accessible guestroom 108, operation of the control knob for the lavatory faucet requires tight grasping, pinching, or twisting of the wrist.   This condition violates Federal Law 2010, ADAAG §§ 606.4 and 309.4.   The Plaintiff required assistance

to turn the water and off to this sink due to this type of control knob.

jj.    In the restroom of accessible guestroom 108, the toilet paper dispenser is not between a minimum of 7 inches and a maximum of 9 inches from the front of the water closet or toilet.   This condition violates Federal Law 2010, ADAAG § 604.7.   Due to the position of the toilet paper dispenser, the Plaintiff could not reach the toilet paper from a normal sitting position on the toilet.

kk.    In the restroom of the accessible guestroom 108, the distance from the toilet centerline to the side wall is not between 16 and 18 inches.   This condition violates Federal Law 2010, ADAAG § 604.2.   The Plaintiff encountered this condition.

ll.    In the restroom of accessible guestroom 108, the clothes hook is about 55 inches above the finish floor and higher than 48 inches above the finish floor.   This hook is higher than the maximum allowed reached height of 48 inches above the finish floor, in violation of Federal Law 2010, ADAAG § 603.4.   The Plaintiff observed this condition, and it deters him from visiting this Econo Lodge.

mm.        In the restroom of accessible guestroom 108, the towel shelf is about 57.5 inches above the floor and higher above the floor than 48 inches.   This towel shelf is higher than the maximum allowed height of 48 inches above the finish floor, in violation of Federal Law 2010, ADAAG § 308.2.   In his wheelchair, the Plaintiff could not reach the towels on this shelf.

**SWIMMING POOL**

nn.    The door to the pool does not have the signage and international symbol of accessibility.   This lack of signage and international symbol of accessibility violates Federal Law 2010, ADAAG § 703.7.2.1.   The Plaintiff observed this lack of signage.

oo.   The swimming pool does not have at least one accessible means of entry.   This swimming pool, that has less than 300 linear feet of swimming pool wall, does not have at least one accessible means of entry, a swimming pool lift or sloped entry, in violation of Federal Law 2010, ADAAG §§ 242.2, 1009, 1009.2 and 1009.3.   The Plaintiff observed this lack of access to the swimming pool, and it deters him from visiting this Econo Lodge.

**SWIMMING POOL RESTROOM**

pp.   In the restroom of the swimming pool area, a shower spray unit with a hose that can be used both as a fixed-position shower head and as a hand-held shower is not provided. This shower spray unit violates Federal Law 2010, ADAAG § 607.6   The Plaintiff observed this condition, and it deters him from visiting this Econo Lodge.

qq.   In the restroom of the swimming pool area, the control or valve to operate the shower is not operable with one hand, and requires tight grasping, pinching, or twisting of the wrist to operate the shower.   This condition violates Federal Law 2010, ADAAG §§ 608.5 and 309.4.   The Plaintiff observed this condition, and it deters him from visiting this Econo Lodge.

rr.   In the restroom of the swimming pool area, the shower compartment does not have a seat and does not have any grab bars.   This shower compartment does not have a seat and grab bars on the back wall and side wall opposite the seat or grab bars on three walls, in violation of Federal Law 2010, ADAAG § 608.3.2.   The Plaintiff observed this condition, and it deters him from visiting this Econo Lodge.

ss.   In the restroom of the swimming pool area, as shown in the photograph below, there is no rear wall grab bar behind the toilet.   The lack of a rear wall grab bar violates Federal Law 2010, ADAAG § 604.5.   The Plaintiff observed this condition, and it deters

him from visiting this Econo Lodge.



tt.    In the restroom of the swimming pool area, the side wall grab bar only extends

about 35 inches from the rear wall and not at least 54 inches from the rear wall.   This side

wall grab bar does not extend a minimum of 54 inches (1370 mm) from the rear wall, in

violation of Federal Law 2010, ADAAG § 604.5.1.   The Plaintiff observed this side wall

grab bar, and it deters him from visiting this Econo Lodge.

uu.    In the restroom of the swimming pool area, the side wall grab bar

is only about 25 inches long and less than 42 inches long.   This side wall grab bar is less

than the minimum required length of 42 inches, in violation of Federal Law 2010, ADAAG

§ 604.5.1.   The Plaintiff observed this condition, and it deters him from visiting this Econo

Lodge.

vv. In the restroom of the swimming pool area, the paper towel dispenser outlet is about

54.5 inches above the floor and higher than 48 inches above the floor.   This paper towel

dispenser is outside the reach range of an individual in a wheelchair of a maximum height of 48 inches above the finish floor, in violation of Federal Law 2010, ADAAG § 308.2.1. The Plaintiff observed the height of this paper towel dispenser outlet, and it deters him from visiting this Econo Lodge.

ww.       In the restroom of the swimming pool area, the liquid soap dispenser is about 54 inches above the floor and higher than 48 inches above the floor.   This liquid soap dispenser is mounted higher than a high forward reach of 48 inches above the finish floor, in violation of Federal Law 2010, ADAAG § 308.2.2.   The Plaintiff observed this condition, and it deters him from visiting this Econo Lodge.

xx.   In the restroom of the swimming pool area, as shown in the photograph below, the lavatory pipes under the sink are not insulated.   This lack of insulation of the lavatory pipes under the sink violates Federal Law 2010, ADAAG § 606.5.   The Plaintiff observed this lack of insulation on the lavatory pipes under the sink, and it deters him from visiting this Econo Lodge.



30.    All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

31.    The discriminatory violations described in paragraph 29 are not an exclusive list of the Defendant's ADA violations.   Plaintiff requires the inspection of the Defendant's places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.   In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

32.    The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's building and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.   The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

33.    Defendant has discriminated against the individual by denying individuals access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.   Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with

disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

34.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.

35.     Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

36.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

37.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendant.

38.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff injunctive relief, including an order to require the Defendant to alter the Econo Lodge and the adjacent parking lot to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendant cures their violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.     That the Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.     Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by taking such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.     An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205, 28 U.S.C. § 1920, 42 U.S.C. § 2000e-5(k), and 42 U.S.C. § 12117(a).

d.     Such other relief as the Court deems just and proper, and/or is allowable

under Title III of the Americans with Disabilities Act.

## **DESIGNATION OF PLACE OF TRIAL**

Plaintiff, Fred Nekouee, by and through his undersigned counsel, hereby designates

Denver, Colorado as the place of trial for this action.

Respectfully submitted,

s/Robert J. Vincze_____ _____
Robert J. Vincze (CO #28399)
Law Offices of Robert J. Vincze
PO Box 792
Andover, Kansas 67002
Phone: 303-204-8207
Email: vinczelaw@att.net

*Attorney for Plaintiff Fred Nekouee*